IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SARAH C.,[1]

          Plaintiff,

v.

KILOLO KIJAKAZI, Commissioner of
Social Security,

          Defendant.

Case No. 2:21-cv-00067-CL

**OPINION AND ORDER**

**CLARKE, U.S. Magistrate Judge.**

Sarah C. ("Plaintiff") brings this appeal challenging the Commissioner of the Social Security Administration's ("Commissioner") denial of her applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. The Court has jurisdiction to hear this appeal pursuant to 42 U.S.C. § 1383(c)(3),

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

PAGE 1 – OPINION AND ORDER

which incorporates the review provisions of 42 U.S.C. § 405(g). For the reasons explained below, the Commissioner's decision is affirmed.

## STANDARD OF REVIEW

The district court may set aside a denial of benefits only if the Commissioner's findings are "'not supported by substantial evidence or [are] based on legal error.'" *Bray v. Comm'r Soc. Sec. Admin.,* 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Robbins v. Soc. Sec. Admin.,* 466 F.3d 880, 882 (9th Cir. 2006)). Substantial evidence is defined as "'more than a mere scintilla [of evidence] but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 1995)).

The district court "cannot affirm the Commissioner's decision 'simply by isolating a specific quantum of supporting evidence.'" *Holohan v. Massanari,* 246 F.3d 1195, 1201 (9th Cir. 2001) (quoting *Tackett v. Apfel,* 180 F.3d 1094, 1098 (9th Cir. 1999)). Instead, the district court must consider the entire record, weighing the evidence that both supports and detracts from the Commissioner's conclusions. *Id.* Where the record as a whole can support either a grant or a denial of Social Security benefits, the district court "'may not substitute [its] judgment for the [Commissioner's].'" *Bray,* 554 F.3d at 1222 (quoting *Massachi v. Astrue,* 486 F.3d 1149, 1152 (9th Cir. 2007)).

## BACKGROUND

### I.  PLAINTIFF'S APPLICATION

Plaintiff filed her applications for DIB and SSI on June 28, 2018, alleging disability beginning November 17, 2017. Tr. 174-181. Plaintiff alleged disability due to Crohn's disease with chronic stomach and intestinal issues, anxiety, and depression. Tr. 53-54. Plaintiff's claims were denied initially and upon reconsideration, and she requested a hearing before an

PAGE 2 – OPINION AND ORDER

Administrative Law Judge (ALJ). Tr. 13, 88-90. An administrative hearing was held on May 13, 2020 before ALJ Stewart Stallings. Tr. 28-52. After the hearing, ALJ Stallings issued a written opinion dated June 15, 2020, denying Plaintiff's claims. Tr. 10-26. The Appeals Council denied Plaintiff's subsequent request for review, making the ALJ's decision the final decision of the Commissioner. Tr. 1-6. This appeal followed.

## II. THE SEQUENTIAL ANALYSIS

A claimant is considered disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Those five steps are: (1) whether the claimant is currently engaged in any substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the claimant can return to any past relevant work; and (5) whether the claimant is capable of performing other work that exists in significant numbers in the national economy. *Id.* at 724-25. The claimant bears the burden of proof for the first four steps. *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001). If the claimant fails to meet the burden at any of those steps, the claimant is not disabled. *Id.*; *Bowen v. Yuckert*, 482 U.S. 137, 140-41 (1987).

The Commissioner bears the burden of proof at step five of the sequential analysis, where the Commissioner must show the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett*, 180 F.3d at 1100. If the Commissioner

PAGE 3 – OPINION AND ORDER

fails to meet this burden, the claimant is disabled. *Bustamante,* 262 F.3d at 954 (citations omitted).

## III. THE ALJ'S DECISION

The ALJ applied the five-step sequential evaluation process to determine whether Plaintiff was disabled. Tr. 13-22. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of November 17, 2017. Tr. 15. At step two, the ALJ determined that Plaintiff suffered from the severe impairment of chronic diarrhea. Tr. 16.

At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that meets or equals a Listing. Tr. 16.

The ALJ then determined Plaintiff's residual functional capacity ("RFC"), finding that Plaintiff retained the ability to perform a full range of work at all exertional levels with the following limitations: she can never climb ladders, ropes, or scaffolds; she can never be exposed to extreme heat, cold, wetness, or humidity; she can never be exposed to unprotected heights or moving or dangerous machinery; and she must have ready access to a bathroom. Tr. 17.

At step four, the ALJ found that Plaintiff had no past relevant work. Tr. 21-22. At step five, the ALJ determined that Plaintiff could perform jobs existing in significant numbers in the national economy, including hospital housekeeper, office helper, and pricer. Tr. 21. The ALJ therefore concluded that Plaintiff was not disabled from her application date of June 28, 2018, through June 15, 2020, the date of the decision. Tr. 21-22.

## DISCUSSION

Plaintiff argues that the ALJ erred by (1) improperly concluding at step three that her impairments do not meet or equal a listing; (2) rejecting her subjective symptom testimony; and (3) improperly evaluating the medical opinion evidence. Plaintiff argues that, as a result, the ALJ

PAGE 4 – OPINION AND ORDER

formulated an incorrect RFC and that his ultimate nondisability determination was based on legal error.

## I.  STEP THREE FINDINGS

Plaintiff first argues that the ALJ erred because he failed at step three to find Plaintiff meets listing 5.06. Specifically, Plaintiff argues that the ALJ erred because he failed to explain why Plaintiff's combined impairments do not meet or equal listing 5.06.

At step three, the ALJ is required to determine whether a claimant's combined impairments meet or equal a listed impairment. *Keyser*, 648 F.3d at 724. The Listing requirements are set "at a higher level of severity than the statutory standard" for disability under the Act." *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990). Specifically, the Listings "define impairments that would prevent an adult, regardless of his age, education, or work experience, from performing any gainful activity, not just 'substantial gainful activity.'" *Id*. To show that she meets a Listing, Plaintiff was required to show that she meets all the criteria for the listed impairment.

> To meet Listing 5.06, a claimant must demonstrate inflammatory bowel disease with:
>
> (1) Obstruction of stenotic areas (not adhesions) in the small intestine or colon with proximal dilation, confirmed by appropriate medically acceptable imaging or in surgery, requiring hospitalization for intestinal decompression or for surgery, and
>
> (2) Occurring on at least two occasions at least sixty days apart within a consecutive six-month period.

20 C.F.R. Pt. 404, Subpt. P, App. 1, 5.06A. Paragraph A is satisfied when an obstruction of the stenotic areas of the small intestine or colon with proximal dilation is confirmed by surgery. The listing also requires at least two hospitalizations, 60 days apart, within a consecutive six-month period. Here, Plaintiff presented medical evidence of a diagnosis of "possible Crohn's disease" but did not present a conclusive diagnosis of ongoing inflammatory bowel disease Tr. 486, 502,

PAGE 5 – OPINION AND ORDER

1320. This evidence, further, was assessed before the relevant period under consideration by the ALJ which began on June 28, 2018. Tr. 486 (June 8, 2018), 502 (June 12, 2018), 1320 (June 21, 2018). On this record, the evidence presented by Plaintiff does not establish the first requirement of Listing 5.06: medical evidence of inflammatory bowel disease.

Plaintiff argues that she meets the second paragraph of Listing 5.06 because she was hospitalized twice within a six-month period, throughout November 2017 and in July 2018, for issues with her colon. Only one of Plaintiff's hospitalizations, however, occurred during the relevant period under consideration by the ALJ, which commenced in late June, 2018. Tr. 13-26. On this record, Plaintiff has failed to show that she satisfied the criteria for Listing 5.06 during the relevant period, and thus shows no error in the ALJ's step three findings.

## II.     PLAINTIFF'S TESTIMONY

Plaintiff next argues that the ALJ improperly rejected her subjective symptom testimony. The ALJ is required to provide specific, clear and convincing reasons for rejecting a claimant's testimony. *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014). At the administrative hearing, Plaintiff testified that she was unable to work primarily due to chronic debilitating diarrhea, with pain and fatigue related to her stomach issues. Tr. 35, 217-18. Plaintiff also testified to limitations from anxiety and depression. *Id.*

The ALJ found Plaintiff's testimony regarding the nature and extent of her symptoms unpersuasive. Tr. 17. First, the ALJ noted that Plaintiff's level of activity contradicted her testimony. *Id.* Specifically, the ALJ noted that Plaintiff was able to care for her four children and one grandchild, prepare meals, do laundry, clean, shop in stores, and go for short walks. While Plaintiff notes that she also testified that she must rest for 20 minutes after taking a short walk, Plaintiff's demonstrated abilities to care for multiple children, including an infant, supports the

PAGE 6 – OPINION AND ORDER

ALJ's reasonable determination that Plaintiff was less limited than alleged in her testimony. Tr. 222.

The ALJ next found that Plaintiff's symptoms improved with treatment. Here, the ALJ cited evidence that Plaintiff experienced a "reasonably quick" return of bowel function following her surgery. Tr. 18. Plaintiff argues that the ALJ ignored evidence the Plaintiff had also been assessed several times with a slow return of bowel function. Tr. 511, 513, 516, 517, 552, 746, 757, 764, 1303, 1320. However, the ALJ properly noted that the month following Plaintiff's hospitalization for bowel obstruction, Plaintiff reported she was "feel[ing] great" (Tr. 1399), and that a treating gastroenterologist noted a "reasonably quick return of bowel function" (Tr. 1416). Further, while Plaintiff endorsed five bowel movements a day nine months following her hospitalization, Plaintiff's weight had increased over twenty pounds. Tr. 1779. Five months later, Plaintiff denied any unexpected weight change. Tr. 1632. In the following year, while Plaintiff endorsed the same frequency of bowel movements, "overall she fe[lt] well" and reported "good" appetite. Tr. 1785. Based on this evidence, the ALJ reasonably found Plaintiff's symptoms had stabilized during the relevant period and therefore had improved with treatment. Tr. 18. The ALJ's findings were rational and supported by substantial evidence in the record. *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014).

The ALJ next found Plaintiff's allegations of severe mental impairments of anxiety and depression to be unpersuasive in light of the record. Here, the ALJ noted that Plaintiff did not seek mental healthcare aside from a single visit to establish care. Tr. 1631. At that visit, Plaintiff reported she had "anxiety and depression because of [a divorce]." *Id.*; see 20 C.F.R. § 416.909 (symptoms stemming from situational stressors are not disabling). Thereafter, Plaintiff did not follow-up with this provider or follow through with a referral to behavioral health care for her

PAGE 7 – OPINION AND ORDER

alleged mental health issues. Tr. 1633. On this record, Plaintiff's failure to follow through with treatment recommendations and to seek consistent treatment for her alleged mental health issues constitutes substantial evidence supporting the ALJ's findings.

Plaintiff argues that her failure to seek mental health treatment was an improper basis for the ALJ's conclusions because she "had issues affording [mental health] treatment." ECF No. 12 at 13. At the hearing, however, Plaintiff did not mention a lack of resources when asked about her lack of treatment. Tr. 35-36. Further, Plaintiff was able to seek and receive medical treatment in 2019 and 2020 but did not seek any additional mental health care. See Tr. 1631-34, 1637-1789. On this record, the ALJ reasonably relied on Plaintiff's lack of mental health treatment to discount her complaints of mental impairments. In sum, the ALJ's evaluation of Plaintiff's testimony regarding her physical and mental impairments was supported by substantial evidence and is therefore affirmed.

## III.   MEDICAL OPINION EVIDENCE

Plaintiff argues, finally, that the ALJ improperly accepted the medical opinions of reviewing psychologists D. Malone, Ph.D. and Irmgard Friedburg, Ph.D.; and testifying medical expert Albert Oguejiofor, M.D. An ALJ's decision to discredit any medical opinion must be supported by substantial evidence. *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022). "An ALJ can satisfy the 'substantial evidence' requirement by 'setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings.'" *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). Merely stating conclusions is insufficient: "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id.* "[A]n ALJ errs when he rejects a medical opinion

or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Id.* at 1012-13 (citing *Nguyen v. Chater,* 100 F.3d 1462, 1464 (9th Cir. 1996)).

### 1. Testifying Medical Expert Albert Oguejiofor, M.D.

Dr. Oguejiofor reviewed Plaintiff's medical records and opined that Plaintiff's impairments did not meet a Listing because none of her impairments lasted for a continuous period of 12 months. Tr. 20. The ALJ found this opinion persuasive because it was supported by other record evidence, including Plaintiff's daily activities. A medical opinion is generally more persuasive when it is consistent with other evidence in the record. 20 C.F.R. § 404.1520c(c)(2). Here, as discussed above, Plaintiff's ability to care for multiple children and grandchild suggested a robust level of functioning and was consistent with Dr. Oguejiofor's opinion. Further, Dr. Oguejiofor's opinion was consistent with other medical evidence in the record discussed by the ALJ, including evidence that Plaintiff's condition improved and stabilized with treatment. On this record, Plaintiff has failed to show that the ALJ erred in accepting the opinion of the testifying medical expert.

### 2. Reviewing Psychologists D. Malone, Ph.D. and Irmgard Friedburg, Ph.D.

The reviewing state psychologists opined that Plaintiff did not suffer any severe mental health impairments. The ALJ found these opinions persuasive because they were consistent with the overall record of Plaintiff's mental health treatment and status. The ALJ is required to assess the persuasiveness of a medical opinion based on whether the opinion is supported by objective medical evidence. 20 C.F.R. 404.1520c(c)(1). Here, as discussed above, the longitudinal record shows that Plaintiff did not seek treatment for her alleged mental health issues aside from a

PAGE 9 – OPINION AND ORDER

single visit to establish care for anxiety. Tr. 20, 1631. On this record, it was rational for the ALJ to be persuaded by the reviewing state psychologists.

Plaintiff argues that the psychological review is "stale" because Dr. Malone and Dr. Friedburg performed their review prior to Plaintiff's medical trauma, which precipitated Plaintiff's alleged mental health difficulties. Tr. 1631. The ALJ noted, however, that Plaintiff's "medical records were reviewed by [Drs. Malone and Friedburg] ... in November 2018 and May 2019, respectively," and therefore occurred a year or more after Plaintiff's hospitalization. Tr. 20 (citing Tr. 58-59, 71-72). Further, by the time of the ALJ's decision, the record contained no diagnoses of anxiety or depression, and Plaintiff failed to follow up with recommendations for behavioral health following a single visit to establish care for anxiety. On this record, the ALJ's acceptance of the psychological consultants' opinions was rational and based on substantial evidence in the record.

For the reasons discussed above, the Court finds that the ALJ's RFC was free of harmful legal error. The ALJ's ultimate nondisability determination is therefore affirmed.

## CONCLUSION

For the reasons stated, the Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

DATED this 16 day of October, 2022.

MARK CLARKE
United States Magistrate Judge